**Jaspal Singh CHAHAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73289.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Lori Jonas, U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Jaspal Singh Chahal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We lack jurisdiction to review the BIA's determination that Chahal failed to file a timely asylum application and that no changed or extraordinary circumstances excused the untimely filing of his application. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1222 (9th Cir.2005).

** This disposition is not appropriate for publication and may not be cited to or by the

We have jurisdiction under 8 U.S.C. § 1252 to review the denial of withholding of review and CAT protection. We review the IJ's decision for substantial evidence, *Hasan v. Ashcroft,* 380 F.3d 1114, 1119 (9th Cir.2004), and deny the petition for review on these claims.

Substantial evidence supports the IJ's denial of withholding of removal. The record contained insufficient evidence to compel the conclusion that the police who detained and beat Chahal were motivated by his religion or a political opinion that they imputed to him. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1044 (9th Cir.2004).

Further, Chahal failed to show it was more likely than not that he would be tortured should he return to India, and thus he is not eligible for CAT relief. *See Hasan,* 380 F.3d at 1122–23.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**DISMISSED in part and DENIED in part**